IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| April Ward, as Personal Representative of the Estate of Steven Ray Ward and on behalf of the statutory beneficiaries April Ward, Stephanie Ward, Stacy Westmoreland, Samantha Ward, and Shelby Ward,<br><br>      Plaintiff,<br><br>-vs-<br><br>South Carolina Department of Corrections, Jon Ozmint, George Hagan, Bernard McKie, John Jane Does Nos 1 through 10 and Dr. John Jane Does Nos 1 through 10<br><br>      Defendants. | C. A. #: 9:09-0020-TLW-BM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by April Ward, as Personal Representative of the Estate of Steven Ray Ward, as well as on behalf of four (4) minor children, pursuant to, inter alia, 42 U.S.C. § 1983.[1] Although originally represented by counsel, by Order filed May 7, 2010, Plaintiff's counsel was allowed to withdraw from representation of the Plaintiff in this case. In that same Order, April Ward was further advised that, as Personal Representative of an estate, she cannot appear pro se in this action nor can she represent minor children. Plaintiff was therefore instructed to have new counsel file an appearance on Plaintiff's behalf within twenty (20) days of the date of that Order, and

---

[1] This case was originally filed in the South Carolina Court of Common Pleas, but was subsequently removed to this Court by the Defendants.

- 1 -



was specifically placed on notice that a failure to do so would result in the dismissal of this action, without prejudice.

The twenty day period granted to the Plaintiff for retaining new counsel has now passed. No new counsel has entered the case on Plaintiff's behalf, nor indeed has the Plaintiff contacted the Court or responded to the Court's Order in any way. As previously noted, April Ward cannot proceed with this action pro se. See, e.g., Tse-Ming Cheung v. Youth Orchestra Foundation of Buffalo, 906 F.2d 59, 60-61 (2nd Cir. 1990); Knox ex rel. Chambers v. Hayward Unified School District, No. 95-0144, 1995 WL 364156 (N.D. Cal., June 1, 1995)["A non-attorney parent must be represented by counsel when bringing an action on behalf of a child."] (collecting cases); Pridgen v. Andresen, 113 F.3d 391, 392-93 (2nd Cir. 1997) [pro se litigant may not represent estate or "his or her minor child")]. Therefore, it is recommended that this case be **dismissed** at this time, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 1, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

